## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HEARTLAND MEDICAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-02873 JAR |
| | ) |
| | ) |
| EXPRESS SCRIPTS, INC., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Express Scripts, Inc.'s ("ESI") Motion to Dismiss for lack of subject-matter jurisdiction. (Doc. 52.) Plaintiff Heartland Medical, LLC ("Heartland") has responded in opposition (Doc. 58), and ESI has replied (Doc. 59).

### BACKGROUND

In its initial complaint, Heartland alleged that ESI wrongfully terminated its contract to distribute over-the-counter diabetic testing supplies to individuals covered by employer-sponsored and third-party health insurance plans managed by ESI. (Doc. 1.) ESI informed Heartland that the termination was based on Heartland's failure to properly document its purchases from wholesalers and other violations of the contract, but Heartland argues that ESI's audit of Heartland's records was a pretext for terminating the contract's terms so ESI could capture Heartland's customer base for its own pharamacy. (*Id.*) Heartland advances state-law claims of breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and tortious interference with business relations. (*Id.* at 25-28.) In addition, Heartland sought a declaratory judgment that ESI's termination violated state and federal law,

1

specifically the "Any Willing Pharmacy" ("AWP") mandate in 42 U.S.C. § 1395w-104(b)(1)(A) and 42 C.F.R. § 423.505(b)(18). (*Id.* at 28-30.)

On September 5, 2018, the Court granted ESI's motion to dismiss Heartland's intentional-interference claim, finding that the charge was barred by the economic loss doctrine. (Doc. 50.) Thereafter, ESI filed this motion, arguing that the Court lacks subject-matter jurisdiction over Heartland's suit. (Doc. 52.) ESI argued that there is no diversity jurisdiction because the parties each have a corporate member incorporated in Delaware. (Doc. 53.) In the meantime, Heartland amended its complaint to drop its allegation of diversity and now argues that it has federal-question jurisdiction based on its claim for declaratory judgment that ESI violated the federal AWP requirement. (Doc. 56 at 5.) Heartland asks the Court to extend supplemental jurisdiction over its intertwined state-law claims. (*Id.*; Doc. 58.) ESI responds that federal-question jurisdiction requires the existence of a private right of action in the underlying federal statute and that the AWP mandate does not create one. (Doc. 59.)

## LEGAL STANDARD

"If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). Where, as here, a defendant mounts a "facial attack" on the plaintiff's jurisdictional argument, the Court's review is limited to the face of the pleadings and dismissal will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to [jurisdiction.]" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

## ANALYSIS

2

When the parties are not completely diverse, subject-matter jurisdiction requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff argues that the Court has jurisdiction over its declaratory judgment claim. (Doc. 56.)

"Federal courts may entertain claims for declaratory relief under 28 U.S.C. § 2201, so long as they raise a federal question." *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003) (citations omitted). However, "it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1299 (M.D. Fla. 2017). "If a declaratory judgment action requires resolution of an issue of federal law or precludes the assertion of a federal right by a responding party, there is jurisdiction over it," *id.* (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 19 (1983)), but only when the statute animating a plaintiff's federal claim creates a freestanding right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 293 (2001). Indeed, district courts in this circuit commonly require a private right of action underlying a declaratory judgment claim before they will exercise jurisdiction. *Midland Farms*, 35 F. Supp. 3d at 1065; *Jones v*, 745 F. Supp. 2d at 892; *Johnson*, 2005 WL 102968, at *2.

The determinative jurisdictional inquiry in this case is therefore whether the AWP mandate creates a private right of action. Under 42 U.S.C. § 1395w-104(b)(1)(A)'s AWP mandate, "[a] prescription drug plan shall permit the participation of any pharmacy that meets the terms and conditions under the plan." Under 42 C.F.R. § 423.505(b)(18), Medicare Part D participants "agree to have standard contract with reasonable and relevant terms and conditions of participation whereby any willing pharmacy may access the standard contract and participate as a network pharmacy." The Court finds that neither AWP provision can be read as creating a private right of action, either expressly or by implication.

3

Heartland nonetheless argues that a lack of private right of action is "immaterial" and cites two cases in support. (Doc. 58 at 7.) First, it offers a denial of a motion to dismiss in *Intramed, Inc. v. Humana Inc.*, No. 11-61831 (S.D. Fl. June 5, 2012), for the proposition that "the lack of a private right of action in the federal Any Willing Pharmacy law [does not require] dismissal of plaintiff's complaint for failure to state a claim." (Doc. 58 at 7.) But ESI's motion is not based on Heartland's failure to state a claim; it is based on this Court's lack of jurisdiction. The Court therefore does not find *Intramed* especially helpful.

Second, Heartland points to *Ringo*, where the Western District of Missouri held that it had jurisdiction despite the lack of a private cause of action created by the federal statutes at issue. *(Id.* (citing 706 F. Supp. 2d at 956-60).) Again, the case is distinguishable—the defendants in *Ringo* argued that the plaintiff lacked standing because the declaratory judgment it sought would not redress its injuries while ESI argues here that the Court lacks jurisdiction even to hear the suit—rendering the case of little precedential value. 706 F. Supp. 2d at 956. In fact, the Court finds that *Ringo* supports the opposite conclusion; the Western District ultimately granted the defendants' motion for judgment on the pleadings precisely because there was no private right of action in the underlying federal statute. *Ringo v. Lombardi*, No. 09-4095-CV-C-NKL, 2010 WL 3310240, at *3 (W.D. Mo. Aug. 19, 2010); *see also Midland Farms, LLC v. U.S. Dep't of Agric.*, 35 F. Supp. 3d 1056, 1065 (D.S.D. 2014) ("The FCIA does not provide federal question jurisdiction over the declaratory judgment action in Count II against NAU because the FCIA only creates a cause of action against FCIC"); *Jones v. Hobbs*, 745 F. Supp. 2d 886, 892 (E.D. Ark. 2010) ("The availability of relief under the Declaratory Judgment Act 'presupposes the existence of a judicially remediable right.'") (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)); *Johnson v. Parker Hughes Clinics*, No. CIV.04-4130 PAM/RLE, 2005 WL 102968, at *2 (D. Minn. Jan. 13, 2005) ("Johnson's claim does not seek relief under HIPAA, but rather

4

seeks an order interpreting the statute. The Court finds that this is insufficient to confer subject matter jurisdiction.").

Heartland also directs the Court to *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 848 (8th Cir. 2003), which held that the "extensive regulatory framework" of the Indian Gaming Regulatory Act of 1988 ("IGRA") was sufficient to confer federal jurisdiction over contract disputes arising thereunder. (Doc. 58 at 4.) The issue in *Gaming World* was whether a contract between a casino operator and an Indian tribe "received valid federal approval under the IGRA regulatory scheme." *Gaming World*, 317 F.3d at 848. The Eighth Circuit affirmed the district court's conclusion that jurisdiction was present, albeit on the ground that the "existence of tribal court jurisdiction itself presents a federal question within the scope of 28 U.S.C. § 1331." *Id.* (citing *Bruce H. Lien Co. v. Three Affiliated Tribes*, 93 F.3d 1412, 1421-22 (8th Cir. 1996)).

Heartland argues that resolving its AWP claim will "require judicial interpretation of a complex set of rules and regulations" like in *Gaming World*, namely the Medicare Prescription Drug, Improvement, and Modernization Act of 2003. (Doc. 58 at 4.) It also cites *Texas Pharmacy Ass'n v. Prudential Ins. Co. of Am.*, 907 F. Supp. 1019, 1026 (W.D. Tex. 1995), *aff'd as modified,* 105 F.3d 1035 (5th Cir. 1997), in which a district court denied a motion to dismiss claims arising under Texas's "any qualified provider" requirement. (*Id.*) ESI responds that Heartland's cited authority is inapposite; *Gaming World*, it asserts, turned on the "complete dominance of federal law over the contractual issues in that case" and the affirmative requirement for federal approval of the tribal contract. (Doc. 59 at 3.)

The Court concludes that the regulatory framework overarching the parties' contract in this case is not essential to their contract dispute in the way the IGRA was to *Gaming World*. Heartland's central assertion is that ESI violated the terms of its own contract by terminating

5

their agreement without cause. That is a factual assertion rooted in state contract law and requires little, if any, interpretation of federal statute. Put simply, the underlying cause of action is a state-law breach of contract claim. Moreover, Heartland's AWP argument is derivative of the underlying contractual claim because the AWP requirement only applies to pharmacies that "meet[] the terms and conditions under [ESI's] plan." 42 U.S.C. § 1395w-104(b)(1)(A). That issue is entirely determined based on the disputed contract; there is no independent federal injury to consider.

## CONCLUSION

The Court concludes that Heartland "can prove no set of facts in support of [its] claim [of jurisdiction.]" *Osborn*, 918 F.2d at 729 n.6. Even accepting the facts as alleged, Heartland has no federal right of action and therefore the Court lacks jurisdiction over its declaratory judgment claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Express Scripts, Inc.'s Motion to Dismiss Complaint (Doc. 52), is **GRANTED**, and this case is **DISMISSED.**

Dated this 27th day of December, 2018.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

6